.

## THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Calendar Research LLC**, | Case No. 2:17–cv–04062–SVW–SS |
| plaintiff, | Hon. Stephen V. Wilson |
| v. | |
| **Michael Hunter Gray**, ***et al.***, | **Protective Order** |
| defendants. | |

## 1. Purposes, Limitations, and Good Cause Statement

### A. Purpose and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, private, or trade secret information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. Good Cause Statement

This action is likely to involve trade secrets, customer information, market research, other valuable research, development plans and information, financial information, technical specifications and information, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, including methods, techniques, processes, programs, source code, technical plans, and technical specifications; confidential business information, including market research; confidential financial information, including sales,

revenue, and profit information; confidential research; confidential development plans and information; information implicating privacy rights of third parties; information otherwise generally unavailable to the public; or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The public disclosure of such information would cause material harm to the parties because it would provide competitors and potential competitors in the market place with information about the parties' plans, operations, technology, and finances.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. Definitions**

**2.1 Action**: this pending federal law suit.

**2.2 Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3 "CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c),

and as specified above in the Good Cause Statement.

2.4 **Counsel**: Outside Counsel (as well as their support staff) and House Counsel (as well as their support staff).

**2.5 Designated House Counsel**: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or HIGHLY CONFIDENTIAL – SOURCE CODE" information in this Action.

**2.6 Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

**2.7 Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.8 Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.[1]

**2.9 "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less

---

[1] Nothing in this definition is intended to alter the Federal Rules of Civil Procedure and case law regarding who can serve as an expert witness.

restrictive means. Information or items designated HIGHLY CONFI-
DENTIAL – ATTORNEY'S EYES ONLY are a subset of the materials
qualifying for designation as CONFIDENTIAL under Section 2.3.

**2.10 "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items**: extremely sensitive "CONFIDENTIAL Information and Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, and schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.[2] Information or items designated HIGHLY CONFIDENTIAL – SOURCE CODE are a subset of the materials qualifying for designation as CONFIDENTIAL under Section 2.3.

**2.11 House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.12 Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.13 Outside Counsel**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, as well as the law firm of Holland & Knight LLP, which will be hosting the code review at the Permitted Location (as set forth in Section 9(b)), and includes all of those lawyers' support staff.

---

[2] Nothing in these definitions is intended to define or affect the scope of discovery in this matter.

**2.14 Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

**2.15 Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.16 Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.17 Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE"

**2.18 Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming

part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

## 4. Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. Designating Protected Material

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), the legend "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY legend"), or the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" (hereinafter "HIGHLY CONFIDENTIAL – SOURCE CODE legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for

inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY legend," or "HIGHLY CONFIDENTIAL – SOURCE CODE legend" to each page that contains the respective type of Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protec-

tive Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFI-
DENTIAL – SOURCE CODE" as applicable. If only a portion or portions
of the information warrants protection, the Producing Party, to the ex-
tent practicable, shall identify the protected portion(s) and specify the
level of protection being asserted.

**5.3 Inadvertent Failures to Designate**. If timely corrected, an
inadvertent failure to designate qualified information or items does not,
standing alone, waive the Designating Party's right to secure protection
under this Order for such material. Upon timely correction of a desig-
nation, the Receiving Party must make reasonable efforts to assure that
the material is treated in accordance with the provisions of this Order.

**6.   Challenging Confidentiality Designations**

**6.1 Timing of Challenges.** Any Party or Non-Party may challenge
a designation of confidentiality at any time that is consistent with the
Court's Scheduling Order.

**6.2 Meet and Confer.** The Challenging Party shall initiate the dis-
pute resolution process under Local Rule 37-1 et seq.

**6.3** The burden of persuasion in any such challenge proceeding
shall be on the Designating Party. Frivolous challenges, and those made
for an improper purpose (e.g., to harass or impose unnecessary expenses
and burdens on other parties) may expose the Challenging Party to
sanctions. Unless the Designating Party has waived or withdrawn the
confidentiality designation, all parties shall continue to afford the ma-
terial in question the level of protection to which it is entitled under the
Producing Party's designation until the Court rules on the challenge.

**7.   Access to And Use of Protected Material**

**7.1 Basic Principles.** A Receiving Party may use Protected Mate-
rial that is disclosed or produced by another Party or by a Non-Party in

connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, except as otherwise required in Section 9.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1   (g) the author or recipient of a document containing the information
2   or a custodian or other person who otherwise possessed or knew the
3   information;

4   (h) during their depositions, witnesses, and attorneys for witnesses,
5   in the Action to whom disclosure is reasonably necessary provided:
6   (1) the deposing party requests that the witness sign the form attached
7   as Exhibit A hereto; and (2) they will not be permitted to keep any con-
8   fidential information unless they sign the "Acknowledgment and Agree-
9   ment to Be Bound" (Exhibit A), unless otherwise agreed by the Desig-
10  nating Party or ordered by the court. Pages of transcribed deposition
11  testimony or exhibits to depositions that reveal Protected Material may
12  be separately bound by the court reporter and may not be disclosed to
13  anyone except as permitted under this Protective Order; and

14  (i) any mediator or settlement officer, and their supporting person-
15  nel, mutually agreed upon by any of the parties engaged in settlement
16  discussions.

17  **7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S**
18  **EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"**
19  **Information or Items.** Unless otherwise ordered by the court or per-
20  mitted in writing by the Designating Party, a Receiving Party may dis-
21  close any information or item designated "HIGHLY CONFIDENTIAL –
22  ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL –
23  SOURCE CODE" only to:

24  (a) the Receiving Party's Outside Counsel in this Action, as well as
25  employees of said Outside Counsel to whom it is reasonably necessary
26  to disclose the information for this Action;

27  (b) Designated House Counsel of the Receiving Party (1) who has
28  no involvement in competitive decision-making, (2) to whom disclosure

is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.**

(a)(1) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, each Receiving Party that is not a natural person may designate at any given time two House Counsel to have access to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.

A Receiving Party must make such a designation by providing a written notice to the Designating Parties that (1) provides the full name of the House Counsel and the city and state of his or her residence, and (2) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the House Counsel is involved, or may become involved, in any competitive decision making. The Receiving Party must promptly provide an update if there is a material change in the designated House Counsel's primary job duties and responsibilities.

(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c) first must provide written notice to the Designating Party that includes (1) the individual's name and business title, (2) the individual's business address, (3) the individual's business or profession, and (4) the individual's CV.

(b) The Receiving Party may provide the Designated House Counsel or an Expert (as defined in this Order) "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items unless, within 3 court days of delivering the written notice of designation the Receiving Party receives a written objection from the Designating Party. Any such objection must set forth in detail the ground(s) on which it is based.

(c) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter within 3 court  days of the written objection. If no agreement is reached,

within 7 days of receipt of the timely written objection, the Receiving Party seeking disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to a Designated House Counsel or Expert under Sections 7.3 and 7.4 shall initiate the dispute resolution process under Local Rule 37-1 et seq.

**8.    Prosecution and Development Bar**

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to related to online ticket sales for sporting or entertainment events before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this Section, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this Section does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter parties reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end 2 years after final termination of this action.

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not perform product development work, directly or indirectly intended for commercial purposes related to online ticket sales for sporting or entertainment events, which is not publicly known. This

Development Bar shall begin when access to "HIGHLY CONFIDEN-TIAL – SOURCE CODE" information is first received by the affected individual and shall end 2 years after final termination of this action.

**9.    Source Code**

(a) A Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b) **Restrictions on Production and Viewing.** The Producing Party shall produce HIGHLY CONFIDENTIAL – SOURCE CODE information in electronic form by making such information available for review and inspection on 1 secured, encrypted, standalone computer ("Standalone Computer") at the location specified in this Section (the "Permitted Location"). The Standalone Computer shall not have network or internet access. For Receiving Party Calendar Research, the Permitted Location shall be the office of Holland & Knight LLP, located at 10 St. James Avenue, 11th Floor, Boston, MA 02116 and for Receiving Party StubHub, the Permitted Location shall be the office of Stub-Hub's outside counsel Quinn Emanuel Urquhart & Sullivan, LLP, located at 555 Twin Dolphin Dr., 5th Floor, Redwood Shores, California 94065. If a Receiving Party's Expert or Outside Counsel change, the Parties shall negotiate in good faith regarding a new Permitted Location for such a Receiving Party. For avoidance of doubt, a Permitted Location shall not include an expert or consultant's home or home office. StubHub shall supply each Standalone Computer at the Permitted Locations, which will be preloaded with StubHub's HIGHLY CONFIDEN-TIAL – SOURCE CODE. Calendar Research's HIGHLY CONFIDEN-TIAL – SOURCE CODE information will be provided on encrypted elec-

tronic media or via secure transfer protocols. The HIGHLY CONFI-
DENTIAL − SOURCE CODE so provided will not be copied from one
device to another, except for the loading of Calendar Research's
HIGHLY CONFIDENTIAL −SOURCE CODE onto the Standalone
Computers and as permitted by Section 9(c) below. HIGHLY CONFI-
DENTIAL − SOURCE CODE will be maintained in a secured and
locked area restricted to personnel authorized under this order. The
Standalone Computers shall be kept in a secured room and the
Standalone Computers shall not have Internet or network access. The
Receiving Party and the Receiving Party's Experts shall not copy, re-
move, or otherwise transfer any portion of the HIGHLY CONFIDEN-
TIAL − SOURCE CODE information onto any recordable media or re-
cordable device, except as permitted in subsection (c). A written log
shall be maintained by Outside Counsel and the Experts that records
the name and title of all persons accessing HIGHLY CONFIDENTIAL
− SOURCE CODE information, including the date and time that any
person enters the secured room to access HIGHLY CONFIDENTIAL −
SOURCE CODE or leaves the secure room after having accessed
HIGHLY CONFIDENTIAL − SOURCE CODE. The Producing Party
will be able to view said log upon 3 court days' request. Experts may
place software tools for viewing, analyzing, and searching source code
on the Standalone Computers.

(c) **Restrictions on Copying.** Except as permitted below, no per-
son with access to the Standalone Computers shall connect a computer,
external storage device or media, or other device to the Standalone
Computers after both parties' HIGHLY CONFIDENTIAL − SOURCE
CODE is loaded on the Standalone Computers. Such devices shall only
be connected to the Standalone Computer to (1) load software tools as

1   described in subsection (b), (2) connect a printer for purposes of printing
2   copies in accordance with this subsection, or (3) to transmit temporary
3   files consisting of electronic excerpts of the code to a laptop within the
4   secure room as described in subsection (ii) below. No copies shall be
5   made of source code or other materials designated pursuant to this Sec-
6   tion, whether physical, electronic, or otherwise, except for:

7   (i)   electronic copies created on the computers described in sub-
8         section (b), whether temporary copies created in the normal
9         operation of a computer system or output files created from
10        source code analysis tools and/or utilities, but no such elec-
11        tronic copies shall be permitted to be removed from the
12        Standalone Computer in electronic form;

13  (ii)  electronic excerpts of HIGHLY CONFIDENTIAL −
14        SOURCE CODE information incorporated into sealed court
15        filings; exhibits or demonstrative exhibits for use in sealed
16        court proceedings; or expert reports, expert declarations, or
17        expert affidavits. No such electronic excerpts shall exceed
18        150 lines of consecutive code without prior written permis-
19        sion from the Producing Party, and non-filed copies of docu-
20        ments containing these excerpts shall be password protected
21        with the password to be sent via separate cover. Such files
22        shall only be transmitted via secure FTP, and shall only be
23        transmitted on an as needed basis for filing and communi-
24        cating drafts between attorneys and/or experts. As needed in
25        accordance with this paragraph, excerpts of HIGHLY CON-
26        FIDENTIAL − SOURCE CODE information shall be trans-
27        mitted on a password protected USB drive to a laptop in the

28

| 1 | | secure room containing the source code, and shall be incor- |
| 2 | | porated into filings, exhibits, reports, declarations, or affida- |
| 3 | | vits on this laptop. The original excerpt shall be deleted from |
| 4 | | the USB drive and the laptop computer immediately after |
| 5 | | the excerpt has been incorporated into the relevant docu- |
| 6 | | ment and prior to the USB drive or laptop being removed |
| 7 | | from the secure room. Electronic copies of sealed court fil- |
| 8 | | ings; exhibits or demonstrative exhibits for use in sealed |
| 9 | | court proceedings; or expert reports, expert declarations, or |
| 10 | | expert affidavits that are designated HIGHLY CONFIDEN- |
| 11 | | TIAL – SOURCE CODE may only be saved on a computer |
| 12 | | or server that that limits access to data via unique logins |
| 13 | | and passwords or a password protected USB drive; |
| 14 | (iii) | printed copies in so far as the Receiving Party shall print |
| 15 | | only such portions of HIGHLY CONFIDENTIAL – Source |
| 16 | | Code information as are reasonably necessary from the |
| 17 | | Standalone Computers. Absent written approval by the Pro- |
| 18 | | ducing Party, the Receiving Party shall not print more than |
| 19 | | 5 consecutive pages, and no more than 2,000 pages of the |
| 20 | | HIGHLY CONFIDENTIAL – SOURCE CODE information, |
| 21 | | in total. The printouts shall be made using consecutively- |
| 22 | | bates-numbered pages that have been pre-loaded into the |
| 23 | | printer.  In the event the above page limits are inadequate |
| 24 | | for the Receiving Party for a specific need, the Parties agree |
| 25 | | to negotiate in good faith to establish reasonable limits on |
| 26 | | the number of consecutive pages and the number of total |
| 27 | | pages for that specific need; |
| 28 | | |

| | | |
|---|---|---|
| (iv) | printed copies for use in sealed court filings; sealed court proceedings; or in expert reports, expert declarations, or expert affidavits. The Receiving Party shall be permitted to keep a secure copy of filed documents for its records; |
| (v) | printouts kept temporarily by the Receiving Party at: (a) the Court for any proceedings(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE information, for the dates associated with the proceeding(s); (b) the sites where any deposition(s) relating to the HIGHLY CONFIDENTIAL – SOURCE CODE information are taken, for the dates associated with the deposition(s); and (c) any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition); and |
| (vi) | such other uses to which the Parties may agree in writing or that the Court may order. |

Should the need arise, the parties agree to negotiate in good faith for copies beyond the limits herein. Any printed copies shall be limited only to those portions of the designated materials for which a printed copy is needed at the time. Any printed copies of HIGHLY CONFIDENTIAL – SOURCE CODE information or materials shall be maintained by Outside Counsel, Designated In-House Counsel, and Experts in a secure, locked area in a place of business, shall be marked "HIGHLY CONFIDENTIAL – SOURCE CODE" on each page, and shall be destroyed as soon as they are no longer needed.

(d) **Restrictions on Experts and Consultants.** Experts shall not be permitted to transmit or in any other way disseminate copies of any materials designated HIGHLY CONFIDENTIAL –SOURCE CODE except to the extent permitted under subsection (c).

(e) **Removal.** At the conclusion of this case, or at an earlier time if inspection of source code is no longer necessary to address issues involved in this case at the trial court level, the Parties shall erase and permanently delete all source code from the Standalone Computers (although if the case is still proceeding through appeal, each party shall maintain a copy of the source code it provided for the review). The Producing Party shall have the right to inspect the Standalone Computers after such deletion has occurred.

## 10. Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFI-
DENTIAL – SOURCE CODE" before a determination by the court from
which the subpoena or order issued, unless the Party has obtained the
Designating Party's permission. The Designating Party shall bear the
burden and expense of seeking protection in that court of its confidential
material and nothing in these provisions should be construed as author-
izing or encouraging a Receiving Party in this Action to disobey a lawful
directive from another court.

**11. A Non-Party's Protected Material Sought to be Produced in
This Litigation**

(a) The terms of this Order are applicable to information produced
by a Non-Party in this Action and designated as "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or
"HIGHLY CONFIDENTIAL – SOURCE CODE." Such information pro-
duced by Non-Parties in connection with this litigation is protected by
the remedies and relief provided by this Order. Nothing in these provi-
sions should be construed as prohibiting a Non-Party from seeking ad-
ditional protections.

(b) In the event that a Party is required, by a valid discovery re-
quest, to produce a Non-Party's confidential information in its posses-
sion, and the Party is subject to an agreement with the Non-Party not
to produce the Non-Party's confidential information, then the Party
shall:

(1) promptly notify in writing the Requesting Party and the Non-
Party that some or all of the information requested is subject to a confi-
dentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective
Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 12. Unauthorized Disclosure of Protected Material

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 13. Inadvertent Production of Privileged or Otherwise Protected Material

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those

set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) Pursuant to Federal Rule of Evidence 502(d) and (f),the inadvertent production by any of the undersigned Parties or non-Parties to the Action of any Disclosure or Discovery Material during discovery in this Action that is protected by the attorney-client privilege, work product protection, or any other privilege or protection, shall be without prejudice to any claim that such item is privileged or protected and such Party or non-Party shall not be held to have waived any rights by such inadvertent production. In the event that any Disclosure or Discovery Material that is subject to a privilege or protection is inadvertently produced, the producing Party or non-Party shall give written notice of such inadvertent production within 20 days of discovery of the inadvertent production (the "Privilege or Protection Notice"). If a Receiving Party disputes the asserted privilege or protection, within 20 days of receipt of the Privilege or Protection Notice, the Receiving Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

**14. Miscellaneous**

**14.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**14.2 Right to Assert Other Objections.** By entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**14.3 Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**15. Final Disposition**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations,

summaries or any other format reproducing or capturing any of the Pro-tected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consult-ant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16.** Any violation of this Order may be punished by any and all ap-propriate measures including, without limitation, contempt proceed-ings and/or monetary sanctions.

**IT IS SO ORDERED.**

Dated: August 30, 2017

Hon. Stephen V. Wilson
United States District Judge

1  EXHIBIT A

2  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3      I, _____ [print or type full name], of

4  _____ [print or type full address], declare under penalty of

5  perjury that I have read in its entirety and understand the Protective

6  Order that was issued by the United States District Court for the Cen-

7  tral District of California on [date] in the case of *Calendar Research LLC*

8  *v. Michael Hunter Gray et al.*, Case No. 2:17−cv−04062−SVW−SS. I

9  agree to comply with and to be bound by all the terms of this Protective

10  Order and I understand and acknowledge that failure to so comply could

11  expose me to sanctions and punishment in the nature of contempt. I

12  solemnly promise that I will not disclose in any manner any information

13  or item that is subject to this Protective Order to any person or entity

14  except in strict compliance with the provisions of this Order.

15      I further agree to submit to the jurisdiction of the United States

16  District Court for the Central District of California for the purpose of

17  enforcing the terms of this Protective Order, even if such enforcement

18  proceedings occur after termination of this action. I hereby appoint

19  _____ [print or type full name] of

20  _____ [print or type full address

21

22

23

24

25

26

27

28

and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____