QUINN EMANUEL URQUHART & SULLIVAN, LLP
  David M. Grable (Bar No. 237765)
  davegrable@quinnemanuel.com
  Samuel A. Jacobs (Bar No. 315265)
  samjacobs@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant StubHub, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CALENDAR RESEARCH LLC, a Delaware limited liability company, | CASE NO. 2:17-cv-04062-SVW-SS |
| Plaintiff, | **Discovery Matter**<br>Hon. Suzanne Segal |
| v. | **DEFENDANT STUBHUB, INC.'S NOTICE OF REQUEST AND REQUEST TO DESIGNATE PORTIONS OF TRANSCRIPT AS CONFIDENTIAL** |
| MICHAEL HUNTER GRAY, *et al.*, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on December 7, 2017, Defendant StubHub, Inc. ("StubHub") will and hereby does request from this Court an Order designating confidential and redacting portions of the parties' November 3, 2017 Telephonic Hearing transcript that contain highly confidential, proprietary, trade secret information.  This Request is based on this Notice, the below Memorandum of Points and Authorities, the supporting declaration of Samuel A. Jacobs, and the Honorable Magistrate Judge Suzanne Segal's Minute Order Regarding Transcript for November 3, 2017 Hearing (Dkt. 117).


DATED: December 7, 2017          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By
                                     David M. Grable
                                     Attorneys for Defendant StubHub, Inc.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Pursuant to the Honorable Magistrate Judge Suzanne Segal's Minute Order Regarding Transcript for November 3, 2017 Hearing (Dkt. 117), Defendant StubHub, Inc. ("StubHub") hereby requests the Court designate confidential and redact portions of the parties' November 3, 2017 Telephonic Hearing transcript that contain highly confidential, proprietary, trade secret material.

## I.   <u>LEGAL STANDARD</u>

Courts recognize a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Parties seeking to seal judicial records that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. Courts regularly hold that there is good cause to seal records containing trade secrets and sources of business information which, if disclosed, could "become a vehicle for improper purposes," such as harming a party's competitive standing. *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Ctr. for Auto Safety*, 809 F.3d at 1097 ("compelling reasons" for preventing disclosure include the potential disclosure of "sources of business information that might harm a litigant's competitive standing"). In this District, a sealing request must also be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b).

## II.   <u>THE COURT SHOULD DESIGNATE CONFIDENTIAL AND REDACT NARROW PORTIONS OF THE HEARING TRANSCRIPT RELATED TO PREVIOUSLY SEALED DOCUMENTS AND STUBHUB'S TRADE SECRETS</u>

During the parties' November 3, 2017 Telephonic Hearing, StubHub's witness, Rashid Aidun, gave testimony regarding the manner in which the StubHub server code is housed, the manner in which engineering teams are assigned to parts of the server code, the location of and tools used to create server code documentation, the proprietary and security features enabled by the server code, and the particular kinds of personal information susceptible to theft in the event of mishandling of the server code.  (November 3, 2017 Hearing Transcript at 8:8-10, 9:20-10:6, 10:13-24, 25:5-7; 56:16-23).  This testimony was in response to the Court's inquiring further into and repeating paragraph 8 of Mr. Aidun's Declaration in Support of Joint Stipulation (Dkt. 75-16), which was filed under seal.  (November 3, 2017 Hearing Transcript at 9:14-17; Dkt. 75-16).  Later, Plaintiff's expert, Dr. Geoff Cohen, again made references in his testimony to this information. (November 3, 2017 Hearing Transcript at 17:11, 17:17).  Additionally, in response to the Court's inquiring into and repeating paragraph 51 of Dr. Cohen's October 30, 2017 Declaration in Support of Motion to Compel (*id*. at 18:20-24), which was also filed under seal (Dkt. 90), Dr. Cohen gave testimony regarding material he had seen in the code StubHub produced to Plaintiff pursuant to the Protective Order in this case.  (November 3, 2017 Hearing Transcript at 19:11-14, 20:21-24, 21:1-2, 21:17-20).  And lastly, in response to the Court's inquiring into and repeating paragraph 52 of Dr. Cohen's October 30, 2017 Declaration (*id*. at 22:7-9) , which was also filed under seal (Dkt. 90), Dr. Cohen again gave testimony regarding material he had seen in the code StubHub produced to Plaintiff pursuant to the Protective Order in this case, which was later repeated by Plaintiff's counsel.  (November 3, 2017 Hearing Transcript at 22:22-23:7, 40:11-14).  Mr. Aidun and StubHub's counsel were then compelled to respond with material they had seen in StubHub code, which Plaintiff's counsel later repeated, as well as what code had been produced.  (*Id*. at 26:1-4, 26:22-27:4, 33:3-9, 36:9-13; 49:16-19, 50:12; 68:17-18).

1    At the outset, StubHub respectfully requests that the Court uphold its prior

2    rulings on sealing paragraph 8 of Mr. Aidun's Declaration and paragraphs 51 and 52

3    of Dr. Cohen's Declaration (Orders Granting Applications to File Under Seal, Dkts.

4    84 and 94).  The Court previously found good cause to seal these Declaration

5    paragraphs, and that same good cause should extend to the under seal paragraphs

6    being read into and discussed on the record during the telephonic hearing.

7    (November 3, 2017 Hearing Transcript at 9:13-17, 18:20-24, 22:7-9).

8    Mr. Aidun's Declaration was designated HIGHLY CONFIDENTIAL –

9    SOURCE CODE[1] pursuant to the Protective Order, and paragraph 8 was deemed

10   worthy of sealing by the Court, because the Declaration described features of

11   StubHub's online ticket marketplace that the StubHub server code enabled, the

12   functions served by the StubHub server code, and the procedures employed to

13   prevent the disclosure of the StubHub server code.  This information is highly

14   sensitive, proprietary, trade secret material that is maintained in confidence, the

15   disclosure of which would provide StubHub's competitors with nonpublic, technical

16   information that goes to the core of the StubHub mobile application.  Dr. Cohen's

17   Declaration was also designated HIGHLY CONFIDENTIAL – SOURCE CODE

18   pursuant to the Protective Order, and paragraphs 51 and 52 were deemed worthy of

19   sealing by the Court, because the Declaration recounted what was found in the code

---

21   [1]   The Protective Order defines "HIGHLY CONFIDENTIAL – SOURCE
22   CODE" information or items as "extremely sensitive 'CONFIDENTIAL
     Information and Items' representing computer code and associated comments and
23   revision histories, formulas, engineering specifications, and schematics that define
     or otherwise describe in detail the algorithms or structure of software or hardware
24   designs, the disclosure of which to another Party or Non-Party would create a
     substantial risk of serious harm that could not be avoided by less restrictive means."
25   (Dkt. 54 at ¶ 2.10).  Furthermore, the "protections conferred by this Protective Order
26   cover not only Protected Material…but also…any information copied or extracted
27   from Protected Material."  (*Id.* at ¶ 3).

1  produced by StubHub. StubHub's code is highly sensitive, proprietary, trade secret

2  material that is vigorously protected, and its disclosure would reveal nonpublic,

3  technical information that goes to the core of the StubHub mobile application,

4  resulting in competitive harm to StubHub. These justifications have not changed,

5  and StubHub requests that the Court uphold its prior findings that this material is

6  confidential and worthy of redaction.

7       Furthermore, StubHub respectfully requests that the answers elicited by

8  inquiring into and repeating these under seal Declaration paragraphs be treated in

9  the same manner to the extent they covered the same material. Mr. Aidun's

10  responses (and to the extent they were repeated or responded to by others) to the

11  Court's questioning regarding paragraph 8 of his Declaration touched on the same

12  highly sensitive, proprietary, trade secret information regarding the features enabled

13  by StubHub's server code, the contents of the StubHub server code, and the manner

14  in which StubHub's server code is maintained, as well as the personally identifiable

15  and financial information susceptible to theft if the server code were mishandled.

16  (November 3, 2017 Hearing Transcript at 8:8-10, 9:20-10:6, 10:13-24, 17:11, 17:17,

17  25:5-7; 56:16-23). Courts regularly find good cause to seal records containing such

18  information (*Kamakana*, 447 F.3d at 1179; *Ctr. for Auto Safety*, 809 F.3d at 1097)

19  and the Protective Order in this case deems such descriptions of code and

20  information derived from code confidential (Dkt. 54 ¶¶ 2.10, 3). The same goes for

21  Dr. Cohen's responses (and to the extent they were repeated or responded to by

22  others) to the Court's questioning regarding paragraphs 51 and 52 of his Declaration

23  which rehashed what he had seen in StubHub's produced code. (November 3, 2017

24  Hearing Transcript at 19:11-14, 20:21-24, 21:1-2, 21:17-20, 22:22-23:7, 26:1-4,

25  26:22-27:4, 33:3-9, 36:9-13; 40:11-14, 49:16-19, 50:12; 68:17-18). StubHub

26  therefore requests this material also be designated confidential and redacted.

27  **III.   CONCLUSION**

28

For the foregoing reasons, StubHub respectfully requests that the Court order the following narrowly tailored portions of the telephonic hearing transcript be designated confidential and redacted[2]:

- 8:8-10
- 9:13-17
- 9:20-10:6
- 10:13-24
- 17:11
- 17:17
- 18:20-24
- 19:11-14
- 20:21-24
- 21:1-2
- 21:17-20
- 22:7-9
- 22:22-23:7
- 25:5-7
- 26:1-4
- 26:22-27:4
- 33:3-9
- 36:9-13
- 40:11-14
- 49:16-19
- 50:12

---

[2] For the Court's convenience, StubHub has filed under seal a highlighted version of the transcript indicating the portions StubHub seeks to designate confidential and redact as Exhibit A to the Declaration of Samuel A. Jacobs filed herewith.

DEFENDANT STUBHUB, INC.'S NOTICE OF REQUEST AND REQUEST TO DESIGNATE PORTIONS OF TRANSCRIPT AS CONFIDENTIAL

1          •   56:16-23

2          •   68:17-18

3

4   DATED: December 7, 2017       QUINN EMANUEL URQUHART & SULLIVAN, LLP

5

6                                 By

7                                     David M. Grable

                                    Attorneys for Defendant StubHub, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:17-cv-04062-SVW-SS
DEFENDANT STUBHUB, INC.'S NOTICE OF REQUEST AND REQUEST TO DESIGNATE PORTIONS OF
TRANSCRIPT AS CONFIDENTIAL