1  **Pierce Bainbridge Beck Price & Hecht LLP**
2  John M. Pierce (SBN 250443)
   jpierce@piercebainbridge.com
3  600 Wilshire Boulevard, Suite 500
4  Los Angeles, California 90017-3212
   (213) 262-9333
5
6  Douglas S. Curran (*pro hac vice*)
   dcurran@piercebainbridge.com
7  Conor McDonough (*pro hac vice*)
8  cmcdonough@piercebainbridge.com
   Adam C. Ludemann (*pro hac vice*)
9  aludemann@piercebainbridge.com
10 20 West 23rd St., 5th Floor
   New York, NY 10010
11 (212) 484-9866
12
   *Attorneys for Plaintiff Calendar Research LLC*
13
14          THE UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| 16  **Calendar Research LLC,** a Delaware limited liability company, | Case No. 2:17–cv–04062–SVW–SS<br>Hon. Stephen V. Wilson |
| 17 | |
| 18       Plaintiff, | **Declaration of Douglas S. Curran In Support of Plaintiff Calendar Research LLC's Motion to Compel Additional Discovery** |
| 19       v. | |
| 20  **Michael Hunter Gray**, an individual; **StubHub, Inc.,** a Delaware corporation; **eBay Inc.**, a Delaware corporation; **Lisa Dusseault,** an individual; **Lasha Efremidze,** an individual; and **Does 5 through 10**, inclusive, | [Filed Concurrently with Notice of Motion, Memorandum of Points and Authorities, and [Proposed] Order] |
| 25       Defendants. | |

26
27
28

**Curran Declaration in Support of Plaintiff's Motion to Compel
Additional Discovery**

# DECLARATION OF DOUGLAS S. CURRAN

I, Douglas S. Curran, declare of as follows:

1. I am an attorney authorized to practice in this Court by admission *pro hac vice* and am a partner of Pierce Bainbridge Beck Price & Hecht LLP, counsel of record for Plaintiff Calendar Research LLC Plaintiff. I make this declaration in support of Plaintiff's Motion to Compel. I make this declaration based upon my own personal knowledge of the facts asserted herein, or when appropriate based upon a review of documents or conversations with my colleagues, and if called to testify, I could and would testify competently thereto.

2. On February 19, Mr. Gray and Mr. Efremidze produced over 23,000 documents: Mr. Gray produced 19,497 documents and Mr. Efremidze produced 3,826 documents. Attached as **Exhibits A and B** are true and correct copies of Mr. Gray's and Mr. Efremidze's respective February 19 production emails.

3. One week later, on February 26, 2019, Mr. Efremidze produced another 2,635 documents. Attached as **Exhibit C** is a true and correct copy of Mr. Efremidze's February 26 production email. Importantly, Mr. Efremidze's production contains Slack notifications sent to him from a Block & Tackle Labs Slack account, but did not contain any Slack conversations and messages. Block & Tackle is the contractor entity through which the individual defendants were hired by StubHub and eBay.

4. Defendants' productions reveal that they are still withholding documents, particularly Slack messages from the Block & Tackle Labs Slack account. Slack is an internal messaging system used by companies, teams, and firms to message and collaborate in real-time. Slack notifications are sent via email to a user to alert him of Slack messages that he received while not actively

using the Slack program. Calaborate used Slack extensively, and many of those conversations were responsive and relevant to discovery in this action. Despite creating and using a Block & Tackle Slack while working at StubHub, neither Mr. Efremidze nor Mr. Gray produced any Slack messages, just Slack email notifications. One such email notification, E0000094, shows that the Block & Tackle Labs Slack account was created as early as March 26, 2015, and indicates that the user "simplegray" was the account administrator. A true and correct copy of E0000094 is attached as **Exhibit D**. Mr. Gray testified at his January 7, 2019 deposition that "simplegray" was his Slack username at Calabrorate. As administrator, Mr. Gray should have access to all messages sent to or from users of the Slack account, and Plaintiff's counsel sought those messages from Mr. Baranov. A true and correct copy of Plaintiff's February 25 email to Mr. Baranov is attached as **Exhibit E**. Mr. Baranov replied to Plaintiff's email, noting that the account credentials were turned over to Defendants' document vendor on February 25. Attached as **Exhibit F** is a true and correct copy of Mr. Baranov's February 26 email to Plaintiff. Plaintiff discussed these Slack messages with Mr. Baranov and requested that Defendants produce these messages in JSON file format organized by Day, Date, and Conversation Group with metadata fields indicating the UserID and the date and time. Another recently produced document, G0231389, appears to be an Evernote note created by Mr. Gray concerning his first day at Block & Tackle. It is entitled "Day 1" and dated April 16, 2015, the effective date of the Block & Tackle-StubHub Statement of Work, and notes that all major communications should be kept in Slack. Attached as **Exhibit G** is a true and correct copy of G0231389.

5. On February 22, 2019, Mr. Baranov provided a document that he represented to be Mr. Efremidze's privilege log. Attached as **Exhibit H** is a

– 2 –

**Curran Declaration in Support of Plaintiff's Motion to Compel Additional Discovery**

1  true and correct copy of the purported privilege log that Mr. Efremidze
2  provided. On February 25, Plaintiff wrote to Defendants' counsel, Mr. Baranov,
3  requesting a proper privilege log. Attached as **Exhibit I** is a true and correct
4  copy of Plaintiff's February 25 email to Mr. Baranov. Mr. Baranov replied to
5  Plaintiff's email and promised to produce a corrected privilege log by February
6  27. Attached as **Exhibit J** is a true and correct copy of Mr. Baranov's February
7  25 email to Plaintiff. On February 28, 2019, at 10:22 pm, Mr. Baranov emailed
8  a document he described as a "supplemental privilege log." Attached hereto as
9  **Exhibit N** is a true and correct copy of that document.

10  6.  Gray did not provide a privilege log. During the course of
11  Plaintiff's review of Gray's document production, Plaintiff's counsel noticed
12  that some documents produced by Gray contained likely privileged
13  information. As soon as Plaintiff's counsel determined that a document may
14  have contained privileged information, Plaintiff's counsel ceased reviewing it.
15  Plaintiff's counsel also observed that 30 documents with possibly privileged
16  information shared a metadata filepath, "PERSONAL STUFF\Mark Lawsuit."
17  Plaintiff also discovered one document outside the file path that also may
18  contain privileged information. Having made these observations, Plaintiff's
19  counsel instructed its document vendor to isolate and sequester all documents
20  with that filepath. In response, Plaintiff's vendor sequestered these documents,
21  removing them from the review process entirely. On February 26, Plaintiff
22  informed Mr. Baranov that it believed Mr. Gray had waived any potential claim
23  of privilege. Attached as **Exhibit K** is a true and correct copy of Plaintiff's
24  February 26 email to Mr. Baranov.

25  7.  On February 22, Mr. Baranov also provided a declaration from
26  Defendants' discovery vendor. Attached as **Exhibit L** is a true and correct copy
27  of the declaration of William Anderson.

28

8. Moreover, Plaintiff has scheduled Mr. Gray's and Mr. Efremidze's depositions for March 4. Gray's deposition will begin at 7:30 AM to accommodate his work schedule. Attached as **Exhibit M** is a true and correct copy of Plaintiff's February 26 email to Mr. Baranov confirming the 7:30 AM deposition start time.

9. At no time during Plaintiff's negotiations with Mr. Baranov has it requested the production of any irrelevant documents, and indeed, has explained that it is not interested and would prefer to expend resources reviewing irrelevant documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that it was executed on February 27, 2019 in New York, New York.

Dated: February 27, 2019         Respectfully submitted,


                                 /s/ *Douglas S. Curran*
                                 Douglas S. Curran

– 4 –

**Curran Declaration in Support of Plaintiff's Motion to Compel Additional Discovery**