1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     David M. Grable (Bar No. 237765)
2    davegrable@quinnemanuel.com
     John W. Baumann (Bar No. 288881)
3    jackbaumann@quinnemanuel.com
     Jocelyn Ma (Bar No. 319878)
4    jocelynma@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:    (213) 443-3100

7  Attorneys for Defendant StubHub, Inc.
   and eBay Inc.

8

9

10                     **UNITED STATES DISTRICT COURT**

11                     **CENTRAL DISTRICT OF CALIFORNIA**

12                            **WESTERN DIVISION**

| | |
|---|---|
| CALENDAR RESEARCH LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL HUNTER GRAY, *et al.*,<br><br>Defendants. | CASE NO. 2:17-cv-04062-SVW-SS<br><br>**STUBHUB AND EBAY'S RESPONSE TO PLAINTIFF CALENDAR RESEARCH LLC'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>The Hon. Stephen V. Wilson |

1. The Court directed Plaintiff to file a supplemental brief "explaining the evidentiary significance of the audit report, if any, to the parties' arguments on summary judgment." Dkt. 391. Plaintiff's supplemental brief offers no such explanation. Instead, Plaintiff once again distorts the record and argues about immaterial issues in an attempt to obfuscate that Plaintiff has failed to identify a protected trade secret or show misappropriation. The Palamida Klutch Overview Audit Report (the "Audit Overview") has no impact on Defendants' summary judgment motions, and StubHub and eBay respectfully submit that those motions should be granted.

## I. ARGUMENT

### A. The Audit Overview Does Not Create A Material Factual Dispute

Plaintiff makes two arguments regarding the purported significance of the Audit Overview, neither of which have merit. ***First***, Plaintiff claims that StubHub has argued in its pending summary judgment motion that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and that the Audit Overview proves otherwise. Dkt. 397 at 2. Plaintiff's argument blatantly misstates the record. StubHub has not so argued, and its summary judgment motion in fact states that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 350 at 4.[1]

---

[1] As noted in StubHub's motion papers, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

1      *Second*, Plaintiff argues that the timing of the Audit Overview confirms that

2  ███████████████████████████████████████████████████████████████

3  ████████████████████  Again, StubHub has not disputed that █████████████

4  ██████████████████████████████.  But the timing confirms the

5  irrelevance of the Audit Overview (and the statements Plaintiff cites in its

6  submission on pages 2-3)—which issued *before* ████████████████████

7  ████████████████████████.  *Compare* Dkt. 397-1 (Audit Overview dated

8  March 6, 2015) *with* Dkt. 301-17 (██████████████████████████████

9  ███████████████████████████████████████████████████████████████

10 ███████████████████████████████████████████████████████████████

11 ███████████████████████).  ███████████████████████████████████

12 ██████████████████████████████████████████and StubHub

13 hired Defendants Gray, Dusseault, and Efremidze through Block & Tackle Inc. as

14 independent contractors to build new products for StubHub Labs.  *See* Dkt. 350-1,

15 ¶¶ 59-61.  Plaintiff suggests that the mere fact the Audit Overview was performed is

16 evidence of misappropriation.  This is plainly insufficient.  "[M]ere allegation and

17 speculation do not create a factual dispute for purposes of summary judgment."

18 *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) (citation

19 omitted).  The Audit Overview is irrelevant to the pending motions.[2]

20     **B.**    **The Audit Overview Does Not Identify Protectable Trade Secrets**

21     The Audit Overview does nothing to cure the fundamental flaw in Plaintiff's

22 case: an inability—after well over two years of federal litigation, two rounds of

23 discovery, and two rounds of summary judgment motions—to identity *any* trade

---

[2] Plaintiff argued in its Motion for Review of the March 25, 2019 Discovery Order that the Audit Overview and other due diligence documents were "highly relevant to Plaintiff's damages, steps taken by Calaborate to protect its trade secrets
  (footnote continued)

1  secret with sufficient particularity. Indeed, the Audit Overview evaluated issues
2  related to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, which is publicly available and thus "by
3  definition, cannot be protected as a trade secret." *SocialApps, LLC v. Zynga, Inc.*,
4  No. 4:11–CV–04910 YGR, 2012 WL 381216, at *2 (N.D. Cal. Feb. 6, 2012); *see*
5  Ma Decl., Ex. A at 172:8-13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

## II. CONCLUSION

The Audit Overview does not create a dispute of material fact and has no bearing on Defendants' summary judgment motions. Plaintiff remains unable to identify any protectable trade secrets with requisite particularity, and its case continues to suffer from all the flaws set forth in the motions. StubHub and eBay respectfully request that the Court grant the pending summary judgment motions.

DATED: August 15, 2019     Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By /s/ David M. Grable
   David M. Grable

Attorneys for Defendants StubHub, Inc. and eBay Inc.

---

and Plaintiff's conspiracy allegations . . . ." Dkt. 313-1 at 7. Plaintiff's Supplemental Brief addresses none of these issues.